{¶ 47} I dissent with the majority opinion as I would reverse the judgment of the trial court in this matter.
 {¶ 48} The issue concerns the officer's intent in stopping Ms. Schmucker's vehicle. The trial court found that the officer's version of the events was not credible or supported by evidentiary materials, otherwise the trial court would not have granted the motion to suppress. We defer to the trial court's finding on a motion to suppress in regard to our ruling. State v. Emerick, 11th Dist. No. 2000-A-0064, 2001 Ohio App. LEXIS 3173.
 {¶ 49} There clearly was no specific violation of R.C. 4503.21. Ms. Schmucker's temporary tag was properly displayed. There is no prohibition against leaving the front *Page 15 
permanent plate on the vehicle and, in fact, this would be a logical practice. The Bureau of Motor Vehicle's policy, being to re-use existing plates and renew them with plastic tags to be adhered to those plates, it is not reasonable to carve out an exception to allow an otherwise unconstitutional, unreasonable, search for this purpose.
 {¶ 50} Furthermore, these facts do not justify a good faith exception to the requirements of the Fourth Amendment as police are charged with knowing and enforcing the laws. It is clear there was no apparent violation of the statute. The officer acted in error and clearly misunderstood the statute. That was evident from the testimony in the record. The officer's misapplication of a statute he was enforcing does not create a good faith exception to a citizen's right to be free of illegal searches and seizures.
 {¶ 51} Thus, I would reverse the judgment of the trial court. *Page 1